**[J-21-2021][M.O. – Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

GREENWOOD GAMING &
ENTERTAINMENT, INC.,

        Appellee

        v.

COMMONWEALTH OF
PENNSYLVANIA,

        Appellant

: No. 19 MAP 2020
:
:
: Appeal from the Order of the
: Commonwealth Court at No. 531 FR
: 2017 dated 2/20/20 granting
: exceptions and entering judgment of
: the 10/16/19 decision which reversed
: the decision of the Finance and
: Revenue dated 5/10/17 at Nos.
: 1622419 & 1622420
:
:
:
:
: ARGUED:  April 13, 2021

*CONCURRING OPINION*

**JUSTICE SAYLOR**                  **DECIDED:  November 17, 2021**

I join the majority opinion and write to clarify that I do not consider the corporeal, tangible nature of the disputed concert tickets to be of much importance in this context. *See* Majority Opinion, *slip op.* at 15-16.  In my view, such tickets primarily embody the right to attend the concert, even if in some instances they may retain some residual value after the concert is over.  Indeed, if the casino decided to provide patrons with other types of services by giving them vouchers redeemable at local businesses, that would appear to constitute the provision of services, and the casino would be hard-pressed to argue otherwise on the basis that the voucher is tangible and corporeal (or that the services are directly supplied by a third party).  *See generally id.* at 17 n.8.  In this regard, it is a "black-letter principle that 'tax law deals in economic realities, not legal abstractions,'" *PPL Corp.*

*v. Comm'r of Internal Revenue*, 569 U.S. 329, 340, 133 S. Ct. 1897, 1905 (2013) (quoting *Comm'r of Internal Revenue v. Sw. Exploration Co.*, 350 U.S. 308, 315, 76 S. Ct. 395, 399 (1956)); *see Golden Triangle Broadcasting, Inc. v. City of Pittsburgh*, 483 Pa. 525, 533, 397 A.2d 1147, 1151 (Pa. 1979) (expressing that economic realities should not be ignored when determining tax liability).

With that said, I do agree with the majority that concerts are in the nature of an artistic expression viewable by a large number of persons at once, and as such, there is substantial ambiguity as to whether they amount to "services" as that term is commonly understood. *See* Majority Opinion, *slip op.* at 17. Because courts construe taxing statutes by resolving inherent ambiguities in the taxpayer's favor,[1] I ultimately agree with the majority that the concert experiences provided by Greenwood, via the tickets, are not services for purposes of the statutory definitions of GTR and GTGR. *See* 4 Pa.C.S. §103.

Chief Justice Baer and Justices Wecht and Mundy join this concurring opinion.

---

[1] Taxpayer-favorable construction applies to the tax's scope and any exclusions, but not to deductions or exemptions. The definitions presently at issue relate to the former category and, as such, are construed in the taxpayer's favor. *See Greenwood Gaming & Entm't, Inc. v. Dep't of Revenue*, 625 Pa. 55, 78, 90 A.3d 699, 713-14 (2014).